1  Matthew P. Minser, Esq. (SBN 296344)
   Eric K. Iwasaki (SBN 256664)
2  SALTZMAN & JOHNSON LAW CORPORATION
   1141 Harbor Parkway, Suite 100
3  Alameda, CA 94502
   Telephone: (510) 906-4710
4  Email: mminser@sjlawcorp.com
   Email: eiwasaki@sjlawcorp.com
5
   Attorneys for Plaintiffs, District Council 16
6  Northern California Health and Welfare Trust Fund, et al.

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | DISTRICT COUNCIL 16 NORTHERN          | Case No.
12 | CALIFORNIA HEALTH AND WELFARE         |
   | TRUST FUND; and its JOINT BOARD OF    | **COMPLAINT**
13 | TRUSTEES; ROBERT WILLIAMS and JOHN    |
   | MAGGIORE, Trustees;                   |
14 |                                       |
15 | BAY AREA PAINTERS AND TAPERS          |
   | PENSION TRUST FUND, and its JOINT BOARD|
16 | OF TRUSTEES; ROBERT WILLIAMS and      |
   | JORDAN SATRAP, Trustees;              |
17 |                                       |
18 | DISTRICT COUNCIL 16 NORTHERN          |
   | CALIFORNIA JOURNEYMAN AND             |
19 | APPRENTICE TRAINING TRUST FUND, and   |
   | its JOINT BOARD OF TRUSTEES; ROBERT   |
20 | WILLIAMS and JEANNIE SIMPELO, Trustees;|
21 | I.U.P.A.T. UNION AND INDUSTRY NATIONAL|
   | PENSION FUND, and its JOINT BOARD OF  |
22 | TRUSTEES; KENNETH RIGMAIDEN, Trustee  |
23 |       Plaintiffs,                     |
24 |       v.                              |
25 |                                       |
   | HERRON PAINTING CO., a California     |
26 | Partnership; HERRON PAINTING, Inc., a FTB|
   | Suspended California Corporation; KEVIN|
27 | HERRON, an Individual, as a Qualifying Partner of|
   | Defendant HERRON PAINTING CO., and doing|
28 | business as HERRON PAINTING CO., DORA |

                                    1

HERRON, an Individual and as a General Partner of Defendant HERRON PAINTING CO.,

Defendants.

## Parties

1. The District Council 16 Northern California Health and Welfare Trust Fund ("Health Fund"); Bay Area Painters and Tapers Pension Trust Fund, including the Bay Area Painters and Tapers Pension Trust Fund Annuity Plan ("Painters Pension Fund"),;  the District Council 16 Northern California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund");  and the IUPAT Union and Industry National Pension Fund ("National Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Board of Trustees ("Trustees") of said Funds are the named fiduciaries of the Funds under ERISA § 302(a), 29 U.S.C. § 1002(a). Robert Williams and John Maggiore are Trustees, and fiduciaries, of the Health Fund. Robert Williams and Jordan Satrap are Trustees, and fiduciaries, of the Painters Pension Fund, Robert Williams and Jeannie Simpelo are Trustees, and fiduciaries of the Apprentice Fund, Kenneth Rigmaiden is a Trustee, and fiduciary, of the National Fund. The Health Fund, Painters Pension Fund, Apprentice Fund, and National Fund and their respective Trustees and fiduciaries are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs." or "Plaintiffs."

2. Defendant Herron Painting Co., a California Partnership, Defendant Kevin Herron individually and doing business as Herron Painting Co. (a sole proprietorship), Defendant Herron Painting, Inc., a FTB Suspended California Corporation, and Defendant Dora Herron ("Defendants") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

3. Plaintiffs are informed and believe that Defendant Herron Painting, Inc.'s status with the California Secretary of State is "Franchise Tax Board Suspended." Suspended corporations are not eligible to defend themselves in court actions. "A corporation which has its powers suspended pursuant to these sections lacks the legal capacity to prosecute or defend a civil action during its suspension. (*See ABA Recovery Services, Inc. v. Konold* (1988) 198 Cal.App.3d 720, 724 [244 Cal.Rptr. 27]; *Schwartz v. Magyar House, Inc*. (1959) 168 Cal.App.2d 182, 188 [335 P.2d 487].)"

*Sade Shoe Co. v. Oschin & Snyder*, 217 Cal. App. 3d 1509, 1512-1513 (1990). A "corporation may not prosecute or defend an action, nor appeal from an adverse judgment in an action while its corporate rights are suspended for failure to pay taxes." *Reed v. Norman* 48 Cal.2d 338, 343 (1957).

4. Plaintiffs are informed and believe that Defendant Kevin Herron is a Qualifying Partner of Defendant Herron Painting Co. Plaintiffs are informed and believe that Dora Herron is a General Partner of Herron Painting Co. The California Corporations Code, including, but not limited to Section 16306(a) provides that "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." Absent any limitation in the partnership agreement, partners are personally liable for the obligations of the partnership. Accordingly, Defendants Kevin Herron and Dora Herron, the partners of Defendant Herron Painting Co., are personally and individually liable for the amounts owed by the partnership.

## Jurisdiction

5. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

8. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at

their principal place of business in Alameda County, California. Thus, jurisdiction and venue are properly grounded with this Court.

9. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the District Council No. 16 of the International Union of Painters and Allied Trades (the "Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

10. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

11. On or about May 24, 2012, Defendant Kevin Herron, on behalf of "Herron Painting" entered into the Northern California Painters Master Agreement between the Union and Northern California Painting and Finishing Contractors Association. On or about January 30, 2015, Defendant Kevin Herron, on behalf of "Herron Painting" entered into the Northern California Painters Master Agreement between the Union and Northern California Painting and Finishing Contractors Association. On or about October 9, 2017, Defendant Kevin Herron, on behalf of "Herron Painting, Inc." entered into the Northern California Painters Master Agreement between the Union and Northern California Painting and Finishing Contractors Association. These three Agreements are referred to collectively herein as the "Bargaining Agreements" The Bargaining Agreements require employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreements. Plaintiffs are third party beneficiaries of the Bargaining Agreements. In addition, Defendant Kevin Herron executed the Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds ("Agreement of Employers"), which provides that the person signing on behalf of the employer is personally and individually liable for the employer's contributions as required by the Bargaining Agreements. When Defendant Kevin Herron signed the Agreement of Employers, he

4

specifically listed "Herron Painting Co." and specifically listed California Contractors License # 968484. Plaintiffs are informed and believe that California Contractors License # 968484 is associated with Defendant Herron Painting Co.

12.     Under the terms of the Bargaining Agreements, Plaintiffs' Trustees are authorized to collect monies due by Defendants to the following plans: District Council 16 Northern California Health & Welfare Trust Fund, Bay Area Painters & Tapers Pension Trust Fund, Bay Area Painters & Tapers Pension Trust Fund – The Annuity Plan, District Council 16 Northern California Journeyman & Apprentice Training Trust Fund, IUPAT – Finishing Trades Institute, Painters & Allied Trades Labor Management Cooperation Initiative, the Work Preservation Fund, the Industry Fund, the DC 16 STAR Fund, Administrative Dues Check-Off, Wage Equality Dues Check-Off, Organizing Dues Check-Off, Unity Action Dues Check-Off, Vacation/Holiday Fund and the IUPAT PAT-PAC (collectively referred to herein as the "Bargained Entities"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

13.     Under the Bargaining Agreements and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreements and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month hours were worked, and considered delinquent if not received by the last day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the day contributions become delinquent, which is the first (1st) day of the month following the month in which payment was due, until paid.

14.     The Bargaining Agreements further require Defendants to maintain time records or time

5

cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by them to Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

15. Plaintiffs are informed and believe that on or about December 15, 2011, a California Contractors' License was issued under # 968484 for "Herron Painting Co." a Partnership. Plaintiffs are informed and believe that per the public records of the California Contractors License Board, the Qualifying Partner of Herron Painting Co. is Kevin Herron and the General Partner is Dora Herron. Plaintiffs are informed and believe that the address associated with this Contractors' License is 1693 HARMONY WAY PITTSBURG, CA 94565 and the phone number associated with this Contractor's License is 925-331-0554. Plaintiffs are informed and believe that this license is for Classification C33 – Painting and Decorating. Plaintiffs are informed and believe that this Contractors' License expired on December 31, 2017.

16. Plaintiffs are informed and believe that on or about April 22, 2011, a California Contractors' License was issued under # 960256 for "Herron Painting Co." a Sole Proprietorship. Plaintiffs are informed and believe that per the public records of the California Contractors License Board, the Sole Owner of Herron Painting Co. is Kevin Herron. Plaintiffs are informed and believe that the address associated with this Contractors' License is 1693 HARMONY WAY PITTSBURG, CA 94565 and the phone number associated with this Contractor's License is 925-331-0554. Plaintiffs are informed and believe that this license is for Classification C33 – Painting and Decorating. Plaintiffs are informed and believe that this Contractors' License remains active.

17. Plaintiffs are informed and believe that on or about June 9, 2017, a California Contractors' License was issued under # 1027744 for "Herron Painting Inc." a Corporation. Plaintiffs are informed and believe that per the public records of the California Contractors License Board, the RMO of Herron Painting Inc. is Kevin Herron. Plaintiffs are informed and believe that per the public records of the California Contractors License Board, the CEO/President of Herron Painting Inc. is Dora Herron.

Plaintiffs are informed and believe that the address associated with this Contractors' License is 1693 HARMONY WAY PITTSBURG, CA 94565 and the phone number associated with this Contractor's License is 925-331-0554. Plaintiffs are informed and believe that this license is for Classification C33 – Painting and Decorating. Plaintiffs are informed and believe that this Contractors' License remains active.

18. Plaintiffs are informed and believe that on or about March 17, 2017, "Herron Painting, Inc." was registered with the California Secretary of State. Plaintiffs are informed and believe that the Entity Address associated with Herron Painting, Inc. is 1693 HARMONY WAY PITTSBURG, CA 94565. Plaintiffs are informed and believe that the Officers associated with Herron Painting, Inc. are Kevin Herron and Dora Herron. Plaintiffs are informed and believe that Herron Painting, Inc. is currently under "FTB Suspended" status with the California Secretary of State.

19. Plaintiffs are informed and believe that Defendant Herron Painting Co., a California Partnership, Defendant Kevin Herron individually and doing business as Herron Painting Co. (a Sole Proprietorship) and Defendant Herron Painting, Inc., a California Corporation were or are operating as a single employer and/or are continuations, successors, or alter egos of one another.

20. Defendants have failed and refused to pay fringe benefit contributions for hours worked by their employees for the months March 2020 through June 2020. Liquidated damages and interest are owed on the unpaid fringe benefit contributions for that period, and on late-paid contributions for the months January 2019, February 2019, August 2019, and October 2019 through February 2020.

21. Defendants have also failed and refused to report and pay contributions for hours worked by its employees during the month of July 2020.

22. Defendants have also failed and refused to pay amounts found due to Plaintiffs as a result of an audit of Defendants' payroll records for the period from February 1, 2016 through December 31, 2018. Liquidated damages and interest have been incurred and are owed to Plaintiffs on the unpaid contributions in the audit.

**FIRST CAUSE OF ACTION**
**For Audit Payment, Payment of Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22, above.

24. Defendants have a contractual duty to timely report and pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein, to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid by them to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including fees.

25. In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

26. By failing to make the required submission of fringe benefit contributions to Plaintiffs, Defendants have breached the Bargaining Agreements, and Trust Agreements, and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

27. Defendants failure and refusal to pay the required contributions was at all times and still is, willful. Defendants continue to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to report and pay all amounts owed, and by failing to pay the amounts found due on the audit, as alleged. Said refusal is unjustified and done with knowledge and intent.

28. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA § 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

29. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

30. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendants as follows:

   (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

     i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and Bargaining Agreements;

     ii. To the Union in accordance with the Bargaining Agreements.

   (b) Liquidated damages on all unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

   (c) Interest on all unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3. For an order,

   (a) requiring that Defendants comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements;

   (b) enjoining Defendants from violating the terms of those documents and of ERISA; and;

   (c) enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said terms have been complied with.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

DATED: September 16, 2020                    SALTZMAN & JOHNSON LAW
                                             CORPORATION

                                    By:      _____/S/_____
                                             Matthew P. Minser
                                             Attorneys for Plaintiffs, District Council 16
                                             Northern California Health and Welfare Trust Fund,
                                             et al.